ETHRIDGE, Chief Justice:
This case involves the right to the guardianship of the persons and estates of three boys, twins age thirteen and another age seven. Mrs. Sheila Hosey Myers, ap-pellee, an adult married sister of the children, filed a petition for letters of general guardianship. It was opposed by Thomas L. Hosey, Sr., natural father of the children. After a lengthy hearing, the chancellor held that the father was not “a proper or fit person to be appointed as guardian of said minors, is wholly unfitted for such purpose, and that it would not be to their best interests,” which would be best served by the appointment of Mrs. Myers. The court “could not under any circumstances” appoint Hosey. The appeal from that decree is No. 45,901 on the docket, which was consolidated with No. 45,902, in which the chancellor refused a writ of habeas corpus, since the issue had been fully litigated in the guardianship proceedings.
The decree appointing Mrs. Myers as guardian of these children is amply sustained by the evidence. Moreover, the chancellor had the power to revoke the original letters of guardianship to Hosey on the day after they were issued, because he breached a substantial condition upon which they were based. Griffith, Mississippi Chancery Practice § 621 (2d ed. 1950).
In 1964 Mrs. Frances Hosey, mother of the children, divorced Hosey and was granted custody. Mrs. Hosey was killed in an automobile accident on June 18, 1969. During the five years intervening between the divorce and her death, appellant was frequently in contempt of court for failure to support his children. In the meantime, he had married and was supporting his second wife and two stepchildren. During *253 his marriage to the mother of the three minors involved here, appellant evidenced considerable emotional instability. He beat his wife and threatened to kill her and the children on several occasions, running them out of the house. He threatened suicide. After the accident which killed Mrs. Frances Hosey, the evidence indicates that appellant rushed to Laurel from his home in Mobile for various purposes, including cancellation of an assignment of a pension check for support of the children and his interest in a possible damage suit for his wife’s death. The evidence shows that all of Hosey’s children are quite hostile toward him, because of his past behavior and attitudes toward their mother and them. While the three boys have been living with their sister, they appear to be happy and satisfied. Before her death, their mother expressed a wish that appellee care for them.
These and other circumstances reflected in the record justified the chancellor in awarding letters of guardianship to the children’s sister, Mrs. Myers. Although a surviving father is the natural guardian of his children, he is not entitled to their guardianship where he is “unsuitable to discharge the duties of guardianship.” Miss.Code 1942 Ann. § 399 (1956). The trial judge knew the parties and heard the evidence. He concluded that appellant was unsuitable to be guardian because of the past history of his marriage with their mother, his disinterest in supporting his children, and his prior frenetic and unstable behavior. The happiness, welfare and best interests of these children will be with their adult married sister, Mrs. Myers. Hutchins v. Moore, 231 Miss. 772, 97 So.2d 748 (1957); Forbes v. Warren, 184 Miss. 526, 186 So. 325 (1939); cf. Newman v. Sample, 205 So.2d 650 (Miss.1968).
Affirmed.
RODGERS, BRADY, PATTERSON and SMITH, JJ., concur.